**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv. Pro. No.  21-50032 (LSS) |
| OFFICIAL TORT CLAIMANTS' COMMITTEE OF BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC,<br><br>Plaintiff,<br><br>against-<br><br>BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC,<br><br>Defendants. | |

**THE DEBTORS' ANSWER TO THE TORT CLAIMANTS'**
**COMMITTEE'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Boy Scouts of America ("BSA") and Delaware BSA, LLC ("Delaware BSA")[1]

(collectively, the "Debtors" or the "Defendants") answer Plaintiff's Complaint For Declaratory

Judgement, as follows:

**NATURE OF THE ACTION**

1.      Deny the allegations of paragraph 1 of the Complaint, except admit that (i) the

Debtors filed the Motion for Entry of an Order (I) Scheduling Certain Deadlines In Connection

---

[1] Although Delaware BSA is named as a Defendant, none of the Plaintiff's allegations or claims relate to the Delaware BSA and, thus, the Delaware BSA has been improperly named as a Defendant.  If the Delaware BSA is not able to obtain a voluntary dismissal from this action, it reserves it right to move for dismissal.

with Potential Disputes Regarding Debtors' Identified Property, (II) Grating Related Relief, dated February 18, 2020 (the "Motion") in the main case and refer to the Motion for the true and correct contents thereof and (ii) Exhibit B annexed to the Complaint is the Exhibit B attached by Debtors to the Motion, as may be modified or supplemented from time to time, and which include unaudited numbers, calculated as of November 19, 2019, and refer to Exhibit B for the true and correct contents thereof.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 3 of the Complaint, except admit that the Complaint quotes from paragraph 16 of the Motion and refer to the Motion for the true and correct contents thereof.

## JURISDICTION AND VENUE

4.    Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5.    Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6.    Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Debtors consent to the entry of final orders or judgments by the Bankruptcy Court in this matter.

## THE PARTIES

7.    Admit the allegations of paragraph 7 of the Complaint.

8.      Admit the allegations of paragraph 8 of the Complaint.

9.      Deny the allegations of paragraph 9 of the Complaint, except admit that (i) Delaware BSA is a non-profit limited liability company that is affiliated with the BSA, (ii) the BSA is the sole member of Delaware BSA, (iii) Delaware BSA is incorporated under the laws of Delaware, and (iv) the Delaware BSA is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.

## THE DEBTORS' BANKRUPTCY CASES

10.     Admit the allegations of paragraph 10 of the Complaint.

## ALLEGATIONS

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required, and the allegations of paragraph 11 are so vague and unparticularized with respect to the various matters purportedly at issue as to be defective.  To the extent a response is required, the Debtors deny the allegations of paragraph 11 of the Complaint.

12.     Deny the allegations of paragraph 12 of the Complaint, and aver that BSA has appropriately maintained its cash management system and its investments in the BSA Commingled Endowment Fund Limited Partnership.  Further, Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions.

## PROPERTY OF THE DEBTORS WHICH
## IS NOT PROPERTY OF THE ESTATE

13.     Deny the allegations of paragraph 13 of the Complaint, except admit that: (i) the referenced assets are unavailable to pay general creditors, (ii) the Debtors filed the Motion and Exhibit B and refer to such documents for the true and correct contents thereof, and (iii) the Tort

Claimants' Committee generally disputes certain of the Debtors' contentions in the Motion and Exhibit B.

## A.  **Bank Account Cash**

14.    Deny the allegations of paragraph 14 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors and (ii) Debtors filed Exhibit B in connection with the Motion, which in part identifies certain amounts of restricted cash, and refer to the Motion and Exhibit B for the true and correct contents thereof.

15.    Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 15, and therefore deny such allegations.

## B.  **The LC Collateral**

16.    Deny the allegations of paragraph 16 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

17.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Tort Claimants Committee's purported information and belief, and therefore deny the allegations of paragraph 17 of the Complaint, and further aver that the funds constituting the LC Collateral are collateral for a single letter of credit issued by JPMorganChase ("JPM") to Old Republic Insurance.

18.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Tort Claimants Committee's purported information and belief, and therefore deny the allegations of paragraph 18 of the Complaint, and further aver that funds

4

constituting the LC Collateral were moved from unrestricted investments held in the BSA Commingled Endowment Fund Limited Partnership to fund the cash collateral requirements in February 2019.

19.     Deny the allegations of paragraph 19 of the Complaint, except admit that the LC Collateral is unavailable for distribution to the general creditors because it is subject to security interests held by JPM.  Further, paragraph 19 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 19, and therefore deny such allegations.

**C.  Investments**

   **1.  General Investment Funds**

20.     Deny the allegations of paragraph 20 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof, and (iii) the "General Investments" line on Exhibit B relates to BSA's ownership interest in the Commingled Fund.

21.     Deny the allegations of paragraph 21 of the Complaint.

22.     Deny the allegations of paragraph 22 of the Complaint, except admit that a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.  Further, the allegations of paragraph 22 of the Complaint are vague and indefinite because Plaintiff does not identify the purported "at least fourteen Commingled Fund Sub-Funds," and therefore deny such allegations.

23.     Deny the allegations of paragraph 23 of the Complaint, except admit that a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents

thereof.  Further, the allegations of paragraph 23 of the Complaint are vague and indefinite because Plaintiff fails to identify the purported "at least eight Commingled Fund Sub-Funds totaling "$11.2 million," and therefore deny such allegations.

24.    Deny the allegations of paragraph 24 of the Complaint, except admit that a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.  Further, the allegations of paragraph 24 of the Complaint are vague and indefinite because Plaintiff fails to identify the purported "at least twenty Commingled Sub-Funds totaling at least $39.7 million," and therefore deny such allegations.

25.    Deny the allegations of paragraph 25 of the Complaint, except admit that a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.  Further, the allegations of paragraph 25 of the Complaint are vague and indefinite because Plaintiff fails to identify the purported "at least ten Commingled Fund Sub-Funds," and therefore deny such allegations.

26.    Deny the allegations of paragraph 26 of the Complaint, except admit that the aggregate balance corresponding to the BSA's interest in the Commingled Funds exceeds the aggregate value of the principal amount of donations sourcing such funds.

27.    Paragraph 27 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 27, and therefore deny such allegations.

**2.  <u>Order of the Arrow</u>**

28.     Deny the allegations of paragraph 28 of the Complaint, except admit that (i) the property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

29.     Deny the allegations of paragraph 29 of the Complaint, and aver that the Debtors have included the Order of Arrow investment funds as part of the calculation of unrestricted cash and investments under the proposed plan of reorganization.

30.     Paragraph 30 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 30, and therefore deny such allegations.

**D.  <u>High Adventure Facilities</u>**

31.     Deny the allegations of paragraph 31 of the Complaint, except (a) admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof, and (b) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 31, and therefore deny such allegations

32.     Deny the allegations of paragraph 32 of the Complaint, except admit that, pursuant to the Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing (the "<u>Mortgage Assignment</u>"), the Philmont is collateral for the BSA's obligations to JPM under the Existing Revolving Credit Agreement, the Bond Obligations, and the New Revolving Credit Agreement (the "<u>Secured Obligations</u>").

33.     Deny the allegations of paragraph 33 of the Complaint, except admit that, pursuant to the Northern Tier Mortgage Assignment, the Northern Tier is collateral for the BSA's Secured Obligations to JPM.

34.     Deny the allegations of paragraph 34 of the Complaint, except admit that, pursuant to the Florida Sea Base Mortgage Assignment, the Florida Sea Base is collateral for the BSA's Secured Obligations to JPM.

**E.  Donor Restricted Pledges Receivable**

35.     Deny the allegations of paragraph 35 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

36.     Deny the allegations of paragraph 36 of the Complaint, except admit that the "Donor Restricted Pledges Receivable" on Exhibit B relates to outstanding individual donor pledges, the majority of such outstanding individual donor pledges relate tothe Summit Bechtel Reserve ("Summit"), and the Summit is owned by Arrow WV Inc.

37.     Debtors aver that the allegations contained in paragraph 37 of the Complaint are vague and indefinite because Plaintiff does not identify the purported pledges or projects at issue, and therefore deny such allegations.

38.     Paragraph 38 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Tort Claimant's Committee's information and belief regarding documentation associated with donor imposed restrictions, and therefore deny such allegations, and (ii) deny  the last sentence of paragraph 38 of the Complaint.

8

**F.  Miscellaneous Summit Assets**

39.      Deny the allegations of paragraph 31 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

40.      Paragraph 40 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 40, and therefore deny such allegations.

**G.  Gift Annuity and Pooled Income Investments**

41.      Deny the allegations of paragraph 41 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

42.      Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 42, and therefore deny such allegations.

**H.  Notes Receivable From Arrow WV**

43.      Deny the allegations of paragraph 43 of the Complaint, except admit that (i) the referenced property is unavailable to pay general creditors, and (ii) a copy of Exhibit B is attached to the Complaint and refer to Exhibit B for the true and correct contents thereof.

44.      Admit the allegations of paragraph 44 the Complaint, and aver that (i) the Note Receivable is subject to a security interest held by JPM, and (ii) cash that is the equivalent of the

value of the Summit is being made available to creditors under the Debtors' proposed plan of reorganization.

45.    Paragraph 45 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny such legal conclusions, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of paragraph 45, and therefore deny such allegations.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief: The Bank Account Cash is unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

46.    With respect to paragraph 46 of the Complaint, the Debtors repeat and reallege each of their responses to paragraphs 1 through 45 of the Complaint.

47.    Paragraph 47 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 47 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 47 of the Complaint.

48.    Admit the allegations of paragraph 48 of the Complaint, except aver that the allegation that the Bank Account Cash is "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations.

49.    Admit the allegations of paragraph 49 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief: The LC Collateral is unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

50.     With respect to paragraph 50 of the Complaint, the Debtors repeat and reallege their responses to each of paragraphs 1 through 49 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 51 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 51 of the Complaint.

52.     Deny the allegations of paragraph 52 of the Complaint, except admit that the LC Collateral is restricted and not available for distribution for the claims of general creditors and instead is subject to security interests held by JPM.

53.     Admit the allegations of paragraph 53 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Declaratory Relief: The General Investment Funds are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

54.     With respect to paragraph 54 of the Complaint, the Debtors repeat and reallege their responses to each of paragraphs 1 through 53 of the Complaint.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 55 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 55 of the Complaint.

56.     Admit the allegations of paragraph 56 of the Complaint, except aver that the allegation that the General Investment Funds are "free and clear of the interests of any other

person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations.

57.    Admit the allegations of paragraph 57 of the Complaint.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Relief: The OA Investments are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

58.    With respect to paragraph 58 of the Complaint, the Debtors repeat and reallege their responses to each of paragraphs 1 through 57 of the Complaint.

59.    Paragraph 59 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 59 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 59 of the Complaint.

60.    Admit the allegations of paragraph 60 of the Complaint, except aver that the allegation that the OA Investment funds are "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations

61.    Admit the allegations of paragraph 61 of the Complaint.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Relief: Any restrictions on the use of the High Adventure Facilities are voidable under 11 U.S.C. § 544(a)(3))**

62.    With respect to paragraph 62 of the Complaint, the Debtors repeat and reallege each of their responses to paragraphs 1 through 61 of the Complaint.

63.    Paragraph 63 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 63 of

the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 64 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 64 of the Complaint.

65.    Admit the allegations of paragraph 65 of the Complaint.

66.    Admit the allegations of paragraph 66 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

**(Declaratory Relief: The High Adventure Facilities are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

67.    With respect to paragraph 67 of the Complaint, the Debtors repeat and reallege each of their responses to paragraphs 1 through 66 of the Complaint.

68.    Paragraph 68 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 68 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 68 of the Complaint.

69.    Admit the allegations of paragraph 69 of the Complaint, and aver that the High Adventure Facilities are subject to security interests held by JPM.

70.    Admit the allegations of paragraph 70 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

**(Declaratory Relief: The Donor Restricted Pledges Receivables are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

71.    With respect to paragraph 71 of the Complaint, the Debtors repeat and reallege each of their responses to paragraphs 1 through 70 of the Complaint.

72.    Paragraph 72 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 72 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 72 of the Complaint.

73.    Admit the allegations of paragraph 73 of the Complaint, except aver that the allegation that the Donor Restricted Pledges are "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations.

74.    Admit the allegations of paragraph 74 of the Complaint.

### EIGHTH CLAIM FOR RELIEF

**(Declaratory Relief: The Miscellaneous Summit Assets are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

75.    With respect to paragraph 75 of the Complaint, the Debtors repeat their responses to paragraphs 1 through 74 of the Complaint.

76.    Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 76 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 76 of the Complaint.

77.    Admit the allegations of paragraph 77 of the Complaint, except aver that the allegation that the Miscellaneous Summit Assets are "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations.

78.    Admit the allegations of paragraph 78 of the Complaint.

## NINTH CLAIM FOR RELIEF

**(Declaratory Relief: The Gift Annuities and Pooled Income Investments are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

79.    With respect to paragraph 79 of the Complaint, the Debtors repeats and realleges each of their responses to paragraphs 1 through 78 of the Complaint.

80.    Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 80 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 80 of the Complaint.

81.    Admit the allegations of paragraph 81 of the Complaint, except (i) deny that the Gift Annuities and Pooled Income Investments are property of the Debtors' estates, and (ii) aver that the allegation that the Gift Annuities and Pooled Income Investments are "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations.

82.    Admit the allegations of paragraph 82 of the Complaint.

## TENTH CLAIM FOR RELIEF

**(Declaratory Relief: The Note Receivable is unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

83.    With respect to paragraph 83 of the Complaint, the Debtors repeats and realleges each of their responses to paragraphs 1 through 82 of the Complaint.

84.    Paragraph 84 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 84 of the Complaint, except admit that the Tort Claimants' Committee makes the contentions contained in paragraph 84 of the Complaint.

85.     Deny the allegations of paragraph 85 of the Complaint, except (i) admit that the Note Receivable is restricted and not available for distribution for the claims of general creditors because it is subject to security interests held by JPMorganChase, and (ii) aver that the allegation that the Notes Receivable is "free and clear of the interests of any other person" is vague, indefinite and contains legal conclusions to which no response is required, and therefore deny such allegations

86.     Admit the allegations of paragraph 86 of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**

**(Declaratory Relief: Further Alleged, Restricted Assets are unrestricted property of the Debtors' estates under 11 U.S.C. § 541(a)(1))**

87.     With respect to paragraph 87 of the Complaint, the Debtors repeat and reallege each of their responses to paragraphs 1 through 86 of the Complaint.

88.     Paragraph 88 fails to identify any factual allegations or claims that would give rise to a justiciable dispute and, thus, fails to state a claim.  Alternatively, Paragraph 88 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 88 of the Complaint.

89.     Paragraph 89 fails to identify any factual allegations or claims that would give rise to a justiciable dispute, invents a non-existent position of Debtors to unstated claims and, thus, fails to state a claim.  Alternatively, Paragraph 89 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Debtors deny the allegations of paragraph 89 of the Complaint, and aver that the Tort Claimants' Committee has not identified any additional unrestricted assets of the Debtors' estates that are subject to this lawsuit.

90.     Deny the allegations of paragraph 90 of the Complaint.

## GENERAL DENIAL

Debtors deny every allegation not expressly admitted herein.

## PRAYER FOR RELIEF

Debtors deny that Plaintiff is entitled to any of the relief sought in the Complaint or any other relief.

## ADDITIONAL DEFENSES

As stated above, the Complaint is defective because it serially fails to identify specific assets, funds, cash accounts and/or other *res* that it purports to challenge, or the specific grounds for such generalized claims.  As a result of such pleading defects, the Debtors are prevented from identifying all potentially applicable defenses.  Accordingly, the Debtors reserve, and expressly do not waive, the right to supplement or amend their defenses herein.  Subject to such objection and reservation of rights, the Debtors state the following defenses:

1.      The Complaint fails to state a cause of action on which relief can be granted.

2.      The Identified Property is not property of the estate pursuant to 11 U.S.C. §541(d), or otherwise available for distribution to general unsecured creditors, as it is held by the BSA in trust and/or for the benefit of others, and/or is otherwise subject to valid restrictions on such distribution.

3.      The Identified Property is held subject to valid donor restrictions and is thus not property of the estate within the meaning of  11 U.S.C. §541(d), or otherwise available for distribution to general unsecured creditors.

4.      The Identified Property is not property of the estate pursuant to 11 U.S.C. §541(b)(7) as it was withheld pursuant to a defined compensation plan under section 457 of the I.R.C.

5.    The Identified Property is not property of the estate, or otherwise available for distribution to general unsecured creditors, because the donations that give rise to the Identified Property are impressed in a charitable trust to further the mission of the BSA, and the proposed liquidation of BSA property to satisfy creditor claims does not further the mission of the BSA mission.

6.    The strong-arm powers available under 11 U.S.C. §544(a)(3) cannot be used to avoid unrecorded liens on the Identified Property, including the High Adventure Bases and the Summit Miscellaneous Assets, because any *bona fide* purchaser for value would be put on notice from a visual inspection of the property which all contain prominently placed plaques and signage (including information contained on websites) indicating that donors have beneficial interests in such property.

7.    The Identified Property, including, without limitation, the High Adventure Bases and the Summit Miscellaneous Assets, are not available to be liquidated to pay general unsecured creditors of the estate because such assets are core to the mission of the BSA, and further because liquidating such property would prevent an effective reorganization of the BSA.

8.    The Identified Property is not available for distribution to general unsecured creditors because such property was donated to further the mission of the BSA.  If the BSA was unable to effectively reorganize, such assets would be distributed to a charity with a similar corporate mission under the doctrine of Cy Pres, rather than to general unsecured creditors.

9.    The Identified Property is not available for distribution to general unsecured creditors to the extent such property is subject to security interests held by JPMorganChase.

Dated: April 23, 2021
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
      aremming@morrisnichols.com
      emoats@morrisnichols.com
      ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Counsel for the Debtors Boy Scouts of America and Delaware BSA, LLC*